UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN CARY,

       Plaintiff,                            Case No. 2:24-cv-10192

v.                                              Honorable Susan K. DeClercq
                                                  United States District Judge

GRETCHEN WHITMER,
Governor of Michigan,

       Defendant.
_____/

**OPINION AND ORDER DISMISSING COMPLAINT *SUA SPONTE* AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Bryan Cary, incarcerated at Gus Harrison Correctional Facility in Adrian, Michigan, is attempting to sue the Governor of Michigan, unaided by counsel. ECF No. 1. Cary contends that an unidentified "gang" threatens his life and those of his family because he failed to carry out three unspecified assassinations. *Id.* at PageID.1. He claims the Governor has both the power and the duty to intervene under the Eighth Amendment. *Id.* And he seeks to advance these allegations without prepaying to do so.[1] ECF Nos. 2; 7.

---

[1] Plaintiff's "application 'is deficient and subject to dismissal' without 'the requisite authorization form' because the required fees cannot be paid without it." *Boussum v. Washington*, 649 F. Supp. 3d 525, 529 (E.D. Mich.) (citing *Lindsey v. Roman*, 408 F. App'x 530, 532–33 (3d Cir. 2010) (per curiam)), *recons. denied*, 655 F. Supp. 3d 636 (E.D. Mich. 2023). But, as explained below, the complaint must be dismissed, so Plaintiff's *in forma pauperis* application will not be addressed.

After reviewing Cary's complaint, this Court must dismiss it because it "fails to state a claim upon which relief may be granted" and "seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b).

First, the complaint lacks any specific request for relief. *See generally* ECF No. 1. A complaint fails as a matter of law when it does not specify what relief the plaintiff seeks. *E.g.*, *Akouala v. Key Bank*, No. 3:23-CV-00432, 2023 WL 8263345, at *2 (W.D. Ky. Nov. 29, 2023); *DeBose v. Brown*, No. 3:12-CV-06169, 2013 WL 5402234, at *2 (N.D. Cal. Sept. 26, 2013). Indeed, courts should not "create a claim," *Clark v. Nat'l Travelers Life Ins.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam) (citation omitted), or "conjure up unpled allegations," *Myles v. United States*, 188 F.3d 508 (6th Cir. 1999) (unpublished table decision) (citation omitted). Thus, Cary's complaint must be dismissed outright under § 1915A(b)(1).

Second, the defendant's personal involvement is required in § 1983 cases; vicarious liability does not apply. Cary alleges no actions by Michigan's Governor that would substantiate direct involvement; rather, Cary's claims are based on an attenuated duty suggested by his perilous circumstances. *See generally* ECF No. 1. This allegation is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir.

2009). That is, the Governor of Michigan may not be liable for the conduct of unknown gang members. Nor would there be a reasonable basis to do so here. *See* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 32, 35 (2022) (explaining that the chief executive's conduct should be attributed to others "only if reasonable to do so"). Therefore, the complaint must also be dismissed on these grounds. 28 U.S.C. § 1915A(b)(1).

Third, Plaintiff's more recent offer to settle his case for $150,000.00 does not change the legal landscape. ECF No. 13 at PageID.81. The Governor of Michigan, sued in an official capacity, enjoys Eleventh Amendment immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). This bar extends to "monetary relief." *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). Thus, even if Cary alleged a recognizable legal theory—which he does not—his claims would still be barred under § 1915A(b)(2).

"If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket"—even if the plaintiff attempts to pay the filing fees. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 203 (2007); *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) (holding that *McGore* applies "where the district court

dismisses cases *sua sponte* under 28 U.S.C. § 1915A"), *abrogated on other grounds by Jones*, 549 U.S. 199; *see also Redd v. Redmon*, 215 F.3d 1327 (6th Cir. 2000) (unpublished table decision) (same for cases dismissed "under § 1915(e)(2)(A)"); *Boussum v. Washington*, 655 F. Supp. 3d 636, 642 (E.D. Mich. 2023) (same for cases dismissed under 28 U.S.C. § 1915(b)).

Lastly, Cary must prepay to appeal because an appeal would not be taken in good faith. Good faith in this context requires nonfrivolous claims; it does not require likely success on the merits. *See Boussum*, 655 F. Supp. 3d at 642. But Cary's claims are wholly without merit. His allegations lack a direct or actionable duty that the Governor failed to perform under the Eighth Amendment or any other source of constitutional law. Further, Cary's pleadings do not demonstrate any specific action or inaction on the part of the Governor. Because Cary's appeal would lack an arguable legal basis, it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**. *See* FED R. CIV. P. 41(b).

Further, it is **ORDERED** that Plaintiff is **DENIED** permission to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the above-captioned case**.

                                          */s/Susan K. DeClercq*
                                          SUSAN K. DeCLERCQ
                                          United States District Judge

Dated: 5/14/2024